IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 7, 2015

## STATE OF TENNESSEE v. JASON MARTINDILL

**Appeal from the Circuit Court for Chester County**
**No. 07432     Donald H. Allen, Judge**

_____

**No. W2015-00207-CCA-R3-CD  -  Filed October 30, 2015**

_____

Defendant, Jason Martindill, appeals from the trial court's summary dismissal of his motion filed pursuant to Tennessee Rule of Criminal Procedure 36.1. Following our review of the parties' briefs, the record, and the applicable law, we affirm the trial court's dismissal of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

Jason Martindill, Henning, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

*Procedural history*

On August 28, 2007, Defendant pleaded guilty in the Chester County Circuit Court to premeditated first degree murder pursuant to a negotiated plea agreement. The judgment form indicates that Defendant received a life sentence. The record reflects that in return for his guilty plea, charges of aggravated arson and felony murder were dismissed, and the State agreed to forego a sentence of life without parole or death.

Defendant filed a subsequent petition for post-conviction relief alleging that he received ineffective assistance of counsel and that he did not enter his guilty plea voluntarily, knowingly, and intelligently. The trial court denied relief, and this court

affirmed the judgment of the trial court. *Jason Martindill v. State*, No. W2009-01003-CCA-R3-PC, 2010 WL 2219589, 2010 WL 2219589 (Tenn. Crim. App. May 27, 2010). Defendant also filed a petition for writ of habeas corpus alleging that his sentence was void because the trial court lacked jurisdiction and authority to sentence him. The trial court summarily dismissed the petition for failure to meet the procedural requirements and failing to set forth any meritorious claims, and this court affirmed the dismissal. *Jason Martindill v. Dwight Barbee*, Warden, No. W2012-02624-CCA0R3-CD, 2013 WL 6050748 (Tenn. Crim. App. Nov. 13, 2013).

On August 4, 2014, Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 arguing that his sentence was illegal because he received a life sentence with the possibility of parole as a "bargained for component of his guilty plea." He further asserts that "this is not authorized by the applicable statute T.C.A. § 40-35-501(i)(1)(2) and directly contravenes this applicable statute." On January 23, 2015, the trial court summarily denied Defendant's motion and made the following findings:

1. Defendant alleges he entered into a guilty plea agreement in Chester County Circuit Court No. 07-432 on August 28th, 2007, in which he pled guilty to First Degree Premeditated Murder in exchange for a recommended sentence of "Life with the possibility of parole," after serving 100% of the Life sentence.

2. The court record in Chester Co. Circuit Court No. 07-432 reflects a plea agreement and sentence whereby the State agreed <u>not</u> to seek the death penalty and agreed <u>not</u> to seek "life without the possibility of parole" against the defendant in exchange for his pleading guilty and agreeing to serve a sentence of "Life" to be served at 100% release eligibility status.

3. The transcript of the guilty plea proceeding, which is part of the court record pursuant to a previously filed Post-Conviction Petition which was previously heard and denied by the Court, shows that the defendant clearly understood that he would be required to serve in full "51 calendar years" in state prison custody before he could be considered eligible for release, which is a "Life" sentence.

4. The sentence of "Life" in this case is a legal sentence and is authorized by statute as a punishment for First Degree Premeditated Murder.

2

5. As such, the Defendant has failed to make a colorable claim under which relief may be granted.

*Analysis*

In 2012, the Tennessee Supreme Court promulgated and adopted Rule 36.1, which was ratified and approved by the Tennessee General Assembly by House Resolution 33 and Senate Resolution 11 and became effective on July 1, 2013. Compiler's Notes, Tenn. R. Crim. P. 36.1. The rule provides, in part:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant

3

does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4)  If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

Tenn. R. Crim. P. 36.1.

The legislature also approved a proposed amendment to Tennessee Rule of Appellate Procedure 3(b) to provide both the State and a defendant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure."  Therefore, a new appeal as of right was created for individuals who had received an illegal sentence. Pursuant to Rule 36.1, an appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief.  Tenn. R. Crim. P. 36.1(b); *see Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App., Mar. 7, 2014).  Because Rule 36.1 does not define "colorable claim," this court has adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H):  "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief. . . ." *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App., July 16, 2014) (quoting Tenn. Sup. Ct. R. 28 § 2(H)).

As noted above, Defendant on appeal argues that his sentence is illegal because he received a life sentence with the possibility of parole as a "bargained for component of his guilty plea."  He further asserts that "this is not authorized by the applicable statute T.C.A. § 40-35-501(i)(1)(2) and directly contravenes this applicable statute."  We disagree.

T.C.A. § 40-35-501(i) provides that there is no release eligibility for a person convicted of various crimes, including first degree murder, except for a possible reduction of no more than fifteen percent of the sentence for earned and retained sentence credits.  See T.C.A. § 40-35-501(i)(1)-(2).  The portions of the guilty plea acceptance form and transcript of the guilty plea submission hearing included in the record indicate that Defendant was to receive a sentence of life with the possibility of parole.  However, during the hearing, the trial court stated:  "The current law is 51 years.  That's what life with parole sentence carries.  Of course, your release eligibility status is 100 percent which means you would have to serve this sentence - - you would have to serve this entire sentence."

We agree with the State that Defendant has not presented a colorable claim for relief. In *Christopher A. Williams v. State*, No. W2013-00555-CCA-R3-HC, 2013 WL 5493568 (Tenn. Crim. App. Sept. 30, 2013) this court held:

> [a]lthough this court has observed that the phrase "life with parole" is inaccurate because a defendant sentenced to life is entitled "to be released, as opposed to being paroled, after serving 100 percent of sixty years less any eligible credits so long as they do not operate to reduce the sentence by more than 15 percent, or nine years," *see* [*Kermit Penley v. State*], No. E2003-00129-CCA-R3-PC, [2004 WL 2439287, at *3] (Tenn. Crim. App., Knoxville, Nov. 1, 2004), use of the term would not render the petitioner's judgment void.

Id. at *2. The judgment form in Defendant's case indicates that he received a sentence of "Life" which is a proper sentence for first degree murder. Therefore, Defendant's sentence is not illegal, and he is not entitled to relief.

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

5